STATE BANK OF CARPENTER, Respondent, v. GROSS et al, Appellants.

(210 N. W. 103.)

(File No. 6190. Opinion filed September 30, 1926.)

1. **Bills and Notes—Bankruptcy—That Maker of Note Had Been Adjudicated Bankrupt Held No Defense Available to Alleged Accommodation Maker.**

In suit on note it was no defense available to alleged accommodation maker that alleged principal maker thereof had been adjudicated bankrupt and his estate had not been finally administered, since accommodation party's status was not affected by such proceeding.

2. **Evidence.**

In action on note, question to officer of plaintiff bank whether mortgage was given as collateral security was objectionable as conclusion of witness.

3. **Pleading.**

It was not error to deny defendant leave to amend his answer by addition of counterclaim raising new issues, where such amendment was substantially same as original answer, and if there was any defense it was sufficiently pleaded in original answer.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Bills and notes, Key-No. 452(1), 8 C. J. Sec. 1061 (Anno.); (2) Evidence, Key-No. 471(29), 22 C. J. Sec. 588; (3) Pleading, Key-No. 262, 31 Cyc. 401, 402, 428.

General rule as to amendments to pleadings, see 21 R. C. L. 572, 575; 3 R. C. L. Supp. 1170; 4 R. C. L. Supp. 1421; 5 R. C. L. Supp. 1164.

Appeal from Circuit Court, Beadle County; HON. FRANK R. FISCHER, Judge.

Suit by the State Bank of Carpenter against Paul A. Gross and Jacob J. K. Tschetter. From a judgment for plaintiff and an order denying a new trial, defendants appeal. Appeal of defendant Gross dismissed, and judgment and order affirmed on defendant Tschetter's appeal.

*F. P. Matz,* of Huron, for Appellants.
*Chamberlain & Hall,* of Huron, for Respondent.

BURCH, C. Defendants appeal from a judgment and an order denying a new trial. The suit was brought to recover judgment upon three promissory notes signed by defendants as makers. Separate answers were filed. Gross in his answer admitted signing the notes and alleged that on January 24, 1925, he had been adjudged bankrupt, and bankruptcy proceedings were still pending. No judgment was rendered against Gross, and, although he appears as appellant, there was no judgment or order from which he could appeal, and he need not be further considered or mentioned in this opinion. His attempted appeal is dismissed. At the close of the trial the court directed a verdict for plaintiff against Tschetter for the full amount of the notes.

Tschetter claims that he signed the notes as maker for the accommodation of Gross; that as an accommodation maker he is not the principal debtor; and, since Gross has been adjudged a bankrupt and his estate has not been finally administered, no action will lie against him (Tschetter) until the final settlement of the proceedings in bankruptcy against Gross and then only for the balance remaining unpaid after applying the dividends derived from the bankrupt's estate. Tschetter also pleads that at the time the notes were executed, September 6, 1921, Gross gave a chattel mortgage to secure the notes upon property worth more than the amount of the notes; that plaintiff failed to collect upon the chattel security and allowed such chattel security to be lost by failing to renew the filing of the mortgage within 30 days next preceding the term of three years as provided by section 1587, R. C. 1919, that by reason of such neglect to refile the chattel mortgage, it became void as to creditors and the property covered thereby became a part of the bankrupt's estate available for the payment of the

claims of general creditors, and that by reason thereof plaintiff is now estopped to assert its claim against appellant.

[1] There is no merit to the defense that because Gross has been adjudicated a bankrupt an action will not lie against Tschetter. His status in the action is not affected by such proceeding. Appellant styles himself an acommadotion maker; whether he is such in fact need not be decided. He does not claim to have been *released* by the omission of plaintiff to refile the mortgage, but pleads that plaintiff is *estopped* from asserting its rights against him. He has not set out any of the evidence in his brief, and the sufficiency of the evidence to support his plea of estoppel is not before us. For the same reason his assignment that the court erred in directing a verdict cannot be considered.

[2] One of the witnesses, presumably an officer of the plaintiff bank, was asked if he received a chattel mortgage from Gross to secure the notes sued on; to this he replied: "I did." He was then asked, "And that mortgage was given as collateral security?" An objection to this question was sustained, and this ruling is assigned as error. Such question calls for a conclusion of the witness. If the question had been in proper form there could be no prejudice in such ruling, as witness had already answered that a mortgage was given to secure the notes.

[3] At the close of the testimony appellant asked leave to amend his answer, which the court denied, and this is assigned as error. The proposed amendment is substantially the same as the original answer, except that a counterclaim for damages for loss of the chattel security is sought. If any defense was pleaded it was sufficiently pleaded in the original answer. The court did not err in refusing to allow the answer to be amended by adding thereto a counterclaim, requiring a reply and the joinder of new issues.

Finding no error in the record, the judgment and order appealed from are affirmed.

DILLON, J., not sitting.